UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ADM MILLING CO.,<br><br>                    Plaintiff,<br><br>    v.<br><br>COLUMBIA PLATEAU<br>PRODUCERS, L.L.C. d/b/a<br>SHEPHERD'S GRAIN,<br><br>                    Defendant. | NO. 2:20-CV-0343-TOR<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR TEMPORARY<br>RESTRAINING ORDER, MOTION<br>TO SHORTEN TIME, AND MOTION<br>TO EXPEDITE DISCOVERY |

BEFORE THE COURT are Plaintiff's Motion for Temporary Restraining Order (ECF Nos. 3, 10-1), Plaintiff's Motion to Shorten Time on Temporary Restraining Order and Motion to Expedite Discovery (ECF No. 8), and Plaintiff's Motion to Expedite Discovery and Preservation of Evidence (ECF No. 9). These matters were submitted for consideration with oral argument on September 28, 2020. Robert J. Maguire, Arthur A. Simpson, Jordan Clark, and Sarah Baugh appeared on behalf of Plaintiff. Bryce J. Wilcox, Sarah E. Elsden, Caleb A. Hatch,

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION
TO EXPEDITE DISCOVERY ~ 1

1    and Mark Swenson appeared on behalf of Defendant.  The Court has reviewed the

2    record and files herein, considered the parties' oral argument, and is fully

3    informed.  For the reasons discussed below, Plaintiff's Motion for Temporary

4    Restraining Order (ECF No. 10-1), Plaintiff's Motion to Shorten Time on

5    Temporary Restraining Order and Motion to Expedite Discovery (ECF No. 8), and

6    Plaintiff's Motion to Expedite Discovery and Preservation of Evidence (ECF No.

7    9) are **DENIED**.

8                                            **BACKGROUND**

9         This case concerns Plaintiff's ability to enforce an exclusive contract

10   regarding the milling of sustainable wheat.  ECF No. 1.  Plaintiff seeks a temporary

11   restraining order ("TRO") enjoining Defendant from contracting with a third-party

12   competitor and enforcing Defendant's contract with Plaintiff.  ECF No. 10-1.

13   Plaintiff also seeks to shorten time on its motion to expedite discovery.  ECF Nos.

14   8-9.  The following facts are undisputed, except where noted.

15        Plaintiff ADM Milling Co. ("ADM") operates flour mills throughout the

16   world.  ECF No. 5 at 2, ¶ 2.  ADM has two flour mills in Washington State, at

17   Spokane and Cheney.  ECF No. 6 at 2, ¶ 4.  Plaintiff's facilities mill various types

18   of products, including flours, whole grains, dry sweeteners, and wheat starches.  *Id.*

19   at 3.  Defendant Columbia Plateau Producers, L.L.C., doing business as Shepherd's

20   Grain ("CPP" or "SG"), is a Washington agricultural co-op comprised of thirty-

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION
TO EXPEDITE DISCOVERY ~ 2

1    five farming families that focus on "farm-to-fork and sustainable agricultural

2    practices."  ECF No. 18 at 2; ECF No. 6 at 2, ¶ 5; ECF No. 17 at 3, ¶ 7.  For the

3    last fourteen years, Defendant has exclusively sold grain to Plaintiff.  ECF No. 10-

4    1 at 3.  Plaintiff mills the grain and sells it to various distributors and businesses.

5    ECF No. 18 at 3.  Plaintiff sells both sustainable and non-sustainable wheat from

6    Defendant, as well as from other sources.  ECF No. 18 at 3.

7         On February 12, 2019, Plaintiff entered an exclusive milling contract with

8    Defendant for a period of three years, renewable in three-year increments.  ECF

9    No. 10-1 at 3; ECF No. 5 at 3-4, ¶¶ 5-7.  Either party could terminate the contract

10   with thirty-days prior written notice if the other party materially breached the

11   contract and failed to cure within the thirty-day period.  ECF No. 5 at 4, ¶ 8.  Of

12   note in this agreement, Plaintiff agreed to mill all Defendant's grain as it had

13   capacity for, or in the event it lacked capacity, agreed to consent to a third-party

14   miller.  ECF No. 5 at 3, ¶ 6; ECF No. 5-1.

15        In May 2020, Plaintiff notified Defendant that it was unable to process

16   Defendant's wheat at its Los Angeles, California mill.  ECF No. 18 at 3.  Relying

17   on this mill to process a portion of its wheat, Defendant repeatedly requested that

18   Plaintiff mill at this location or consent to a third-party miller.  *Id.*; ECF No. 17 at

19   13, ¶ 42.  On June 30, 2020, Defendant requested a third party mill the excess

20   grain.  ECF No. 18 at 4.  Defendant alleges Plaintiff did not respond to this request

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION
TO EXPEDITE DISCOVERY ~ 3

in thirty days.  ECF No. 18 at 4.  Plaintiff alleges that it orally consented, and then provided written consent outside of the thirty-day window.  ECF No. 5 at 7, ¶ 23.

On August 1, 2020, Defendant contacted customers to notify them that it was switching to a third-party exclusive miller.  ECF No. 10-1 at 4.  The letter states "[SG] is excited to announce we are partnering with [a third party] to mill our World Class Wheat into our [SG] flour products, except for our semolina, beginning on October 1, 2020."  ECF No. 5-2 at 5.  In announcing the transition, Defendant acknowledged "[ADM] has been a good partner for many years, but the time has come for [SG] to take the next step towards reaching our growth potential."  *Id.*

On August 4, 2020, Plaintiff received notice of contract termination from Defendant, effective October 1, 2020, due to Plaintiff's allegedly deficient performances.  ECF No. 6-2 at 2.  On August 6, 2020, Plaintiff sent a letter to Defendant to dispute the deficient performance and sought assurances of performance.  ECF No. 10-1 at 5; ECF No. 6-3 at 2.  Between August and September, two customers contacted Plaintiff regarding Defendant's new milling contract, expressing concern or considering canceling contracts.  ECF No. 5 at 12, ¶¶ 33, 35.

On September 11, 2020, Defendant notified Plaintiff of the following allegedly deficient performances:

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION TO EXPEDITE DISCOVERY ~ 4

1.  Closing of ADM's Los Angeles Milling Facility, with request by CPP for consent to use-third party miller, not timely granted by ADM. CPP in middle of planning major expansion in Southern California.

2.  ADM not equipped to produce for CPP's pizza flour, without a year's delay, capital expenditures of over $600,000, and guarantees of CPP.

3.  Label changes to replace "malted barley" with "enzyme," resulting in customer confusion, sizable reprinting costs, and lost customers.

4.  A year's delay in ADM finalizing the UNFI Distributor Contract, costing product sales and impacting distributor relationship. Same with KeHE Distribution Contract, causing CPP to be the distributor for Town and Country Markets/Central Markets. Same with DPI Distribution Contract, still no contract in place.

5.  As to 5-pound bags of flour, CPP informed that DM Spokane is currently running at 90% capacity and for upcoming holiday season will be at 100% capacity, meaning no capacity for CPP to increase product production of 5-pound bags of flour at ADM Spokane, with no plan presented by ADM to accommodate CPP's product growth in its market areas for this size bag of flour. ADM nonresponsive to CPP's desire to sell for first of 2021 year and product availability to fill orders for 5-pound bags of flour.

6.  ADM recently asked for CPP to share its research data on no till farming practices, followed by an announcement by ADM of a new sustainable farmer program, competitive with the CPP program. Without notice to CPP, ADM contacted farmers of CPP to participate in the ADM program.

7.  All customer service, sales expenses, customer relationships, and product growth are borne, in significant part, by CPP, with little to no assistance from ADM.

8.  ADM's inability to coordinate 5-pound bag orders with bag company with actual customer orders, with little to no communication with CPP or customers, resulting in insufficient supply of 5-pound bags to fill customer orders.

ECF No. 5-2 at 14.

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION TO EXPEDITE DISCOVERY ~ 5

1    Plaintiff disputes these characterizations and argues that these allegedly

2    deficient performances do not constitute material breaches of the contract. ECF

3    No. 5 at 7-11, ¶¶ 23-30; ECF No. 6 at 8-11, ¶¶ 23-33. Defendant maintains that

4    Plaintiff's performances were so deficient as to be material to the contract. ECF

5    No. 17 at 7-17, ¶¶ 23-57.

6                                **DISCUSSION**

7    **A.  TRO Standard**

8    Pursuant to Federal Rule of Civil Procedure 65, a district court may grant a

9    TRO in order to prevent "immediate and irreparable injury." Fed. R. Civ. P.

10    65(b)(1)(A).[1] The analysis for granting a temporary restraining order is

11    "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales*

12    *Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). It "is an

13    extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council,*

14    *Inc.*, 555 U.S. 7, 24 (2008).

15

16

---

17    [1]    Plaintiff moved for a temporary restraining order but provided Defendant

18    notice who appeared and argued on this matter. Thus, this matter may more be

19    appropriately classified as a preliminary injunction under Fed. R. Civ. P. 65(a). As

20    the standard is the same, the classification is not dispositive for this motion.

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION
TO EXPEDITE DISCOVERY ~ 6

1    To obtain this relief, a plaintiff must demonstrate: (1) a likelihood of success

2    on the merits; (2) a likelihood of irreparable injury in the absence of preliminary

3    relief; (3) that a balancing of the hardships weighs in plaintiff's favor; and (4) that

4    a preliminary injunction will advance the public interest.  *Winter*, 555 U.S. at 20;

5    *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).  Under the *Winter* test, a

6    plaintiff must satisfy each element for injunctive relief.

7    Alternatively, the Ninth Circuit also permits a "sliding scale" approach

8    under which an injunction may be issued if there are "serious questions going to

9    the merits" and "the balance of hardships tips sharply in the plaintiff's favor,"

10    assuming the plaintiff also satisfies the two other *Winter* factors.  *All. for the Wild*

11    *Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("[A] stronger showing of

12    one element may offset a weaker showing of another.").  "[T]he district court 'is

13    not bound to decide doubtful and difficult questions of law or disputed questions of

14    fact.'"  *Int'l Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799

15    F.2d 547, 551 (9th Cir. 1986).  In the same vein, the court's factual findings and

16    legal conclusions are "not binding at trial on the merits."  *Univ. of Tex. v.*

17    *Camenisch*, 451 U.S. 390, 395 (1981).  The moving party bears the burden of

18    persuasion and must make a clear showing of entitlement to relief.  *Winter*, 555

19    U.S. at 22.

20    //

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION
TO EXPEDITE DISCOVERY ~ 7

**B. Likelihood of Success on the Merits**

Plaintiff argues that it is likely to succeed on the merits of the breach of contract and tortious interference claims.[2]  ECF No. 10-1 at 6.  Defendant claims that (1) the contract was properly terminated, (2) there was no tortious interference, and (3) Plaintiff is not entitled to specific performance.  ECF No. 18 at 4-7.

*1. Breach of Contract*

Plaintiff claims that Defendant breached the contract through early termination without an opportunity to cure pursuant to the contract.  ECF No. 10-1 at 6-7.  Defendant counters that there was no breach of contract where Plaintiff materially breached the contract, Defendant notified Plaintiff of the breaches, and Plaintiff did not cure within the thirty-day window.  ECF No. 18 at 4-5.

In a breach of contract action under Washington law, the plaintiff must show (1) the existence of a valid contract, (2) breach of the contract, and (3) resulting damages.  *Lehrer v. State, Dep't of Social & Health Servs.*, 101 Wash. App. 509, 516 (2000).  "Only a breach or nonperformance of a promise by one party to a bilateral contract so material as to justify a refusal of the other party to perform and

---

[2]    Plaintiff does not address the breach of implied covenant of good faith and fair dealing claim alleged in the complaint.  ECF No. 1.  As such, the Court will not address it here.

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION TO EXPEDITE DISCOVERY ~ 8

1  contractual duty, discharges that duty." *DC Farms, LLC v. Conagra Foods Lamb*

2  *Weston, Inc.*, 179 Wash. App. 205, 220 (2014) (internal citation omitted). "A

3  material breach is one that substantially defeats a primary function of the contract."

4  *Line Builders, Inc. v. Bovenkamp*, 179 Wash. App. 794, 808 (2014). Further, an

5  anticipatory breach occurs when a party to a bilateral contract either expressly or

6  impliedly repudiates the contract prior to performance. *Wallace Real Estate Inv.,*

7  *Inc. v. Groves*, 124 Wash. 2d 881, 898 (1994).

8      Here, there are unresolved issues of fact that remain as to Plaintiff's breach

9  of contract claim. It is undisputed that a valid contract existed between the parties

10 and that Defendant had to provide a 30-day notice to cure before termination for

11 material breach. ECF No. 10-1 at 7; ECF No. 18 at 5. Defendant claims that the

12 contract termination followed Plaintiff's various material breaches, including

13 "failing 'to accommodate [SG's] needs' and by failing to 'consent to allowing

14 [SG] to contract with a third party to mill such [SG] brands and…' by failing to

15 increase the exposure of the [SG] brand." ECF No. 18 at 5. Defendant also claims

16 that Plaintiff was provided notice and a thirty-day opportunity to cure these alleged

17 breaches. *Id.* Plaintiff alleges that it orally consented, and then provided written

18 consent outside of the thirty-day window. ECF No. 5 at 7, ¶ 23.

19     As there is a question of whether there was a material breach by Plaintiff,

20 there is also a question of Defendant's rights and obligations under the contract.

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION
TO EXPEDITE DISCOVERY ~ 9

1    As the record before the Court is limited, the Court declines to resolve this factual

2    dispute, and accordingly finds that Plaintiff has failed to demonstrate a likelihood

3    of success on the merits of this claim.

4        2.  *Tortious Interference with Business Relationships*

5            Plaintiff claims that Defendant tortuously interfered with its business

6    relationships when it communicated to both Plaintiff and its customers that a third

7    party would become Defendant's exclusive miller effective October 1, 2020.  ECF

8    No. 10-1 at 6-7.  Defendant does not dispute that it made these communications;

9    however, Defendants argues it only communicated factual statements and there is

10   no evidence that there was any intentional interference for an improper purpose.

11   ECF No. 18 at 7.

12           In a tortious interference claim under Washington law, plaintiff must show

13   "(1) the existence of a valid … business expectancy; (2) that defendants had

14   knowledge of that [expectancy]; (3) an intentional interference inducing or causing

15   a breach or termination of the … expectancy; (4) that defendants interfered for an

16   improper purpose or used improper means; and (5) resultant damage."  *Life*

17   *Designs Ranch, Inc. v. Sommer*, 191 Wash. App. 320, 337 (2015).  At issue here

18   are the last two elements.  Under the fourth element, "the plaintiff must establish

19   the intentional interference was wrongful" through improper purpose or means.  *Id.*

20   at 338 (citing *Pleas v. City of Seattle*, 112 Wash. 2d 794, 804 (1989)).  Under the

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION
TO EXPEDITE DISCOVERY ~ 10

fifth element, the plaintiff must "show resultant damage to its business expectancy." *Id.* The claims need specific evidentiary support; for example, in *Life Designs Ranch, Inc.*, the court found that the plaintiff's conclusory claim of harm to reputation lacked evidentiary support where "[n]o client, potential client, or referral source submitted an affidavit establishing they can no longer trust [plaintiff] or did not choose [plaintiff's] designs because of [defendant's] website." *Id.*

Here, there is an issue of fact as to the improper purpose of the communication. Plaintiff contends the communication was improper because Defendant reached out to Plaintiff's customers to notify them of the new third-party contract with Plaintiff's competitor. ECF No. 10-1 at 4-5. However, Defendant claims that this communication was not improper when it had a valid basis to terminate the contract with Plaintiff. ECF No. 18 at 7. Moreover, Defendant argues that the letter did not state or suggest that the customers stop using ADM as a source for its needs. ECF No. 17 at 20-21, ¶ 71.

Although there is a question of fact as to the fourth element, the fifth element is dispositive. Plaintiff alleges that some customers have expressed confusion as to Defendant's communication and argues that they are likely to lose business from the loss of exclusive contract. ECF No. 10-1 at 9. Statements of customer confusion does not amount to a loss of business or reputation, especially

1    where no customer sales have been lost or are shown to likely be lost from this

2    transition.  ECF No. 18 at 7.  Thus, Plaintiff has not demonstrated a likelihood of

3    success on the merits of this claim.

4        *3.  Specific Performance*

5            Defendant also argues that Plaintiff is not entitled to specific performance

6    under its breach of contract claim.  ECF No. 18 at 6.  Plaintiff did not address this

7    argument in briefing or at oral argument.

8            If a Court cannot adequately compensate a party's injury with money

9    damages, "a court may use its broad equitable powers to compel a party to

10   specifically perform its promise."  *Crafts v. Pitts*, 161 Wash. 2d 16, 23-24 (2007)

11   (internal citation omitted).  To determine whether money damages would provide

12   adequate compensation, the court analyze "(i) the difficulty of proving damages

13   with reasonable certainty, (ii) the difficulty of procuring a suitable substitute, and

14   (iii) the likelihood that an award of damages could not be collected."  *Id.*  at 24.

15   Additionally, specific performance may only be ordered "if there is a valid binding

16   contract; a party has committed or is threatening to commit a breach of its

17   contractual duty; the contract has definite and certain terms; and the contract is free

18   from unfairness, fraud, and overreaching."  *Id.*

19           Here, like the breach of contract claim, there are unresolved issues of fact as

20   to whether specific performance is the proper remedy.  As discussed above, there

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION
TO EXPEDITE DISCOVERY ~ 12

1    are issues of fact as to whether Defendant even breached or will breach the

2    contract to make specific performance appropriate.  *See supra* at 9.  While Plaintiff

3    argues that it will suffer intangible irreparable injuries, Defendant argues that

4    damages are calculable under the contract.  ECF No. 18 at 8.  Based on the current

5    record, the Court is not convinced that money damages could not provide adequate

6    compensation in this case.

7    **C.  Likelihood of Irreparable Injury**

8    Plaintiff argues that it has incurred and will continue to incur irreparable

9    harm to its goodwill, reputation, and customer relationships as a result of

10   Defendant's conduct in three principle ways: (1) customer solicitation, (2) lack of

11   access to sustainable wheat for approximately twelve months, and (3) employee

12   layoffs.  ECF No. 10-1 at 8-11.  Defendant argues that there is no irreparable harm

13   where there are only conclusory and speculative statements of injury, especially in

14   light of Plaintiff's rejection of Defendant's offer to supply Plaintiff with certified,

15   sustainable wheat for the next three years and delay in bringing a timely injunction.

16   ECF No. 18 at 7-9.

17   "Irreparable harm is traditionally defined as harm for which there is no

18   adequate legal remedy, such as an award of damages."  *Arizona Dream Act Coal.*

19   *v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).  "[I]ntangible injuries, such as

20   damage to recruitment efforts and goodwill, qualify as irreparable harm."  *Rent-A-*

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION
TO EXPEDITE DISCOVERY ~ 13

1    *Car, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th

2    Cir. 1991).  Deprivation of products that are unique or are not easily replaced may

3    constitute irreparable harm.  *Eastman Kodak Co. v. Collins Ink Corp.*, 821 F. Supp.

4    2d 582, 588 (W.D.N.Y. 2011).  Finally, the threat of being driven out of business is

5    sufficient to establish irreparable harm.  *Am. Passage Media Corp. v. Cass*

6    *Commc'ns, Inc.*, 750 F.2d 1470, 1474 (9th Cir. 1985).

7           Under any theory of irreparable harm, the plaintiff must use provide

8    evidence more than conclusory or speculative statements to support its claims.  *Id.*

9    at 1473.  Additionally, there is less likely to be a finding of irreparable harm where

10   the plaintiff sleeps on its rights, demonstrating that there is not an urgent need for

11   "speedy action."  *Citizens of the Ebey's Reserve for a Healthy, Safe & Peaceful*

12   *Env't v. U.S. Dep't of the Navy*, 122 F. Supp. 3d 1068, 1083-84 (W.D. Wash.

13   2015) (citing *Lydo Enters. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir.

14   1984).

15          While Plaintiff alleges intangible injuries to support its claim for irreparable

16   injury, the Court finds none of the claims are supported with evidence beyond

17   conclusory or speculative assertions.  *See, e.g.*, ECF No. 10-1 at 10-11 ("***may*** also

18   lead to ADM having to lay off Washington employees").  Moreover, based on this

19   record, it is unclear as to whether sustainable wheat constitutes a "unique" product.

20   ECF No. 18 at 6.  Finally, Plaintiff's stated harm for deprivation of access to

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION
TO EXPEDITE DISCOVERY ~ 14

sustainable wheat is questionable where Plaintiff declined Defendant's offer to produce wheat for the next three years and where Plaintiff brought this action mere days ahead of the October 1, 2020 deadline.  ECF No. 18 at 6, 9.  Thus, Plaintiff has not clearly demonstrated irreparable harm.

### D.  Balance of the Equities

Plaintiff argues that the balance of the equities weighs in its favor where the TRO will simply maintain "the status quo of supplying [Plaintiff] with sustainable wheat as it has done for fourteen years and as it agreed to do through February 2022[,]" especially where it as increased retail sales by "approximately 600%" this year.  ECF No. 10-1 at 11.  Defendant disputes this figure as only reflecting 5-pound bag sales and claims an overall 3% reduction in annual bushels sold to ADM this year.  ECF No. 17 at 19-20.  Defendant also points to the disparity in the parties' size, revenue, and access to other business, arguing that Defendant will suffer the most harm if the injunction is granted and enforced.  ECF No. 18 at 9-10.

The Supreme Court has recognized that courts must "balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  *Amoco Production Co. v. Village of Gambell, AK*, 480 U.S. 531, 542 (1987).  Courts have found that the maintenance of the "status quo" relevant to balance of the equities, however, it is not the only consideration.  *See Flex-Plan Servs., Inc. v. Evolution1, Inc.*, No. C13-1986-JCC,

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION TO EXPEDITE DISCOVERY ~ 15

2013 WL 12092543, at *7 (W.D. Wash. Dec. 31, 2013); *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) ("We are not to be understood as stating that the [status quo] principles are hard and fast rules, to be rigidly applied to every case regardless of its peculiar facts.").

Plaintiff argues that *Flex-Plan Servs., Inc.* is on-point; however, the case is distinguishable. 2013 WL 12092543, at *7. There, the defending party stood to lose a "substantial portion" of revenue if the injunction were granted. *Id.* On the flip side, the party seeking the injunction undermined its injury with prior statements and had "the backing" of its new provider for any fees. *Id.*

In contrast to this case, it does not appear that Plaintiff stands to lose a "substantial portion" of its revenue. Rather, Plaintiff may lose approximately 0.1% of the profits its claims. ECF No. 18 at 10. While the fact that Defendant is the "smaller company" is alone not dispositive, Defendant points to an excess of un-milled grain that results in "lost profits, lost sales, an inability to expand the market…, and a continued decline in income." ECF No. 18 at 10. Additionally, as described at oral argument, the COVID-19 pandemic has fluctuated the need for retail and commercial flour, which the Court is sympathetic to the adjustments and needs of both parties. As such, the Court finds that the balance of the equities does not sharply tip in Plaintiff's favor.

//

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION TO EXPEDITE DISCOVERY ~ 16

1

### E.  Public Interest

2      Plaintiff argues that the public has an interest in holding Defendant to its

3 contractual commitments.  ECF No. 10-1 at 11.  To the contrary, Defendant argues

4 that the public interest is best served by robust competition and more sustainable,

5 environmentally friendly wheat distributed to the market.  ECF No. 18 at 10-11.

6      The Court must consider whether a public interest is at jeopardy in a private

7 suit.  *See Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d

8 618, 625 (5th Cir. 1985).  The public generally has an interest in holding parties to

9 contractual obligations.  *See Flex-Plan Servs., Inc.*, 2013 WL 12092543, at *8.  On

10 the other hand, where the "public interest is not directly implicated in [a] private

11 party dispute over private contract and business rights … [the public interest] is

12 best served by a decision on the merits after trial…."  *Tiger Century Aircraft v.*

13 *Calspan Corp.*, No. 1:09-CV-0317 OWW GS, 2009 WL 3486360, at *3 (E.D. Cal.

14 Oct. 23, 2009).

15      Here, Plaintiff only asserts that the public is interested in holding Defendant

16 to its' contractual obligations – the existence of which have been disputed based on

17 alleged material breaches.  *See supra* at 9.  Defendant argues that the public would

18 be best served in providing consistent and timely sustainable flour to the market

19 with the third-party distributor.  ECF No. 18 at 11.  Based on this record, the Court

20 finds that the public interest in this matter is tangential.  It is unclear whether there

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION
TO EXPEDITE DISCOVERY ~ 17

1    are contractual obligations to hold Defendant to, and regardless, the public will

2    receive Defendant's sustainable flour either through distribution from Plaintiff or a

3    third-party.  Thus, Plaintiff has failed to demonstrate that the public interest weighs

4    in its favor.

5        **F.  Expedited Discovery**

6        Plaintiff seeks to conduct certain limited, expedited discovery in order to

7    support its request for a preliminary injunction and an order to preserve all

8    evidence.  ECF No. 9.

9        Federal Rule of Civil Procedure 26(d) states that a party "may not seek

10    discovery from any source" prior to the conference required by Rule 26(f), which

11    must take place at least twenty-one days before the initial Case Management

12    Conference.  Fed. R. Civ. P. 26(d), (f).  Discovery may commence prior to the

13    Rule 26(f) meeting if allowed by court order or agreement of the parties.  Fed. R.

14    Civ. P. 26(d)(1).  Courts in the Ninth Circuit permit early discovery if the

15    requesting party demonstrates good cause.  *Rovio Entm't Ltd. v. Royal Plush Toys,*

16    *Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012); *Semitool, Inc. v. Tokyo*

17    *Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  "Good cause may be

18    found where the need for expedited discovery, in consideration of the

19    administration of justice, outweighs the prejudice to the responding party."  *Id*.  In

20    determining whether good cause justifies expedited discovery, courts commonly

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION
TO EXPEDITE DISCOVERY ~ 18

1    consider the following non-exhaustive factors: "(1) whether a preliminary

2    injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for

3    requesting the expedited discovery; (4) the burden on the defendants to comply

4    with the requests; and (5) how far in advance of the typical discovery process the

5    request was made." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067

6    (C.D. Cal. 2009) (citation omitted).

7        As discussed above, each party claims the other has breached the Exclusive

8    Milling Agreement.  Because Plaintiff has not shown a likelihood of success,

9    Defendant having set forth serious and substantial allegations of breach by Plaintiff

10   and having invoked its option to terminate the contract, the Court does not find

11   good cause to expedite discovery.  The parties contract appears irretrievably

12   broken and the remedy will be damages from one or the other.  However, nothing

13   in the Rules of Civil Procedure prevent the parties from voluntarily exchanging

14   discovery or participating in mediation.

15       Although the Ninth Circuit has not precisely defined when the duty to

16   preserve is triggered, trial courts in this Circuit generally agree that, "[a]s soon as a

17   potential claim is identified, a litigant is under a duty to preserve evidence which it

18   knows or reasonably should know is relevant to the action." *Apple Inc. v. Samsung

19   Elecs. Co.*, 888 F. Supp. 2d 976, 991 (N.D. Cal. 2012) (citing cases).  District

20   courts also possess inherent authority to impose sanctions against a party that

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION
TO EXPEDITE DISCOVERY ~ 19

prejudices its opponent through the destruction or spoliation of relevant evidence. *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993); Fed. R. Civ. P. 37(e). Accordingly, there is no need for an additional preservation order at this time.

## CONCLUSION

The Court finds that Plaintiff has failed to satisfy the requisite elements under either the *Winter* test or *Cottrell* sliding scale test.  Therefore, Plaintiff is not entitled to the extraordinary remedy of injunctive relief.  Consequently, there is no need for expedited discovery or additional preservation order at this time.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Temporary Restraining Order (ECF Nos. 3, 10-1) is **DENIED**.

2.  Plaintiff's Motion to Shorten Time on Temporary Restraining Order and Motion to Expedite Discovery (ECF No. 8) is **DENIED.**

3.  Plaintiff's Motion to Expedite Discovery and Preservation of Evidence (ECF No. 9) is **DENIED.**

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** September 29, 2020.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER, MOTION TO SHORTEN TIME, AND MOTION
TO EXPEDITE DISCOVERY ~ 20